**BAO YING CAI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General \*, Respondent.**

No. 08–4399–ag.

United States Court of Appeals, Second Circuit.

Sept. 23, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold-

er, Jr. is automatically substituted for former

Feng Li, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Terri Leon–Benner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Bao Ying Cai, a native and citizen of the People's Republic of China, seeks review of an August 21, 2008 order of the BIA, affirming the April 25, 2007 decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Bao Ying Cai*, No. A99 026 073 (B.I.A. Aug. 21, 2008), *aff'g* No. A99 026 073 (Immig. Ct. N.Y. City Apr. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We "defer [ ] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility

Attorney General Michael B. Mukasey as respondent in this case.

finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

In concluding that petitioner was not credible, the agency relied on several inconsistencies in his hearing testimony as well as discrepancies between his asylum application and testimony. First, Cai initially testified that he had custody of his three children and that they all resided with him. When confronted with documentary evidence suggesting that his ex-wife had custody of his daughter, however, Cai then claimed that the daughter lived with her maternal grandmother. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–107 (2d Cir.2006). Second, while Cai testified that he was married to his first wife in 1992, his asylum application states that they married in 1990. *See id.* Additionally, Cai testified that his wife did not receive a certificate from family planning officials indicating that she was unfit for sterilization, even though he had submitted a document into evidence making exactly that representation.

While Cai argues that the IJ erred by not excusing these discrepancies in light of his explanations, *i.e.*, that he was "nervous and confused," Petr. Br. at 21, and that he "didn't know what [he] was thinking," Tr. at 36, we conclude that the IJ acted within his discretion in declining to credit Cai's explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). We ultimately conclude that no reasonable fact-finder would be compelled to credit Cai's testimony. Because the IJ's adverse credibility determination was supported by substantial evidence, *see Xiu Xia Lin*, 534 F.3d at 165–66, the agency properly denied Cai's application for asylum. Moreover, because the only evidence of a threat of persecution or torture depended on Cai's credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).